STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v. JACOB ROSEN, DEFENDANT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued April 22, 1968—Decided May 15, 1968.

See also 110 *N. J. Super.* 216.

Before Judges SULLIVAN, FOLEY and LEONARD.

*Mr. Frederick H. Martin* argued the cause for defendant-appellant.

*Mr. Martin J. Queenan,* Burlington County Prosecutor, argued the cause for plaintiff-respondent (*Mr. Myron H. Gottlieb,* on the brief).

PER CURIAM. Defendant Jacob Rosen and Henry Sincavage were indicted jointly for breaking and entering with intent to commit larceny. A second indictment charged that at the same time and place they were in knowing possession of burglar's tools. The indictments were consolidated for trial over objection of defendants that each defendant should be tried separately on each indictment. The jury returned a verdict finding the defendants guilty of breaking end entering with intent to commit larceny, but acquitted them of the charge of possession.

Rosen prosecutes this appeal alleging numerous grounds for reversal as follows:

█ 1. The trial court committed error in refusing to grant each defendant a separate trial on each indictment and in allowing the State to consolidate the two indictments for purposes of trial.

2. The trial court erred in refusing to dismiss the charge of breaking and entering with intent to commit larceny at the end of the State's case when the proofs showed at most an entering without breaking.

3. The trial court committed error in the refusal to dismiss the indictment for breaking and entering with intent to commit larceny at the end of the State's case when there was no proof that defendant was not validly on the premises.

4. The trial court committed error in refusing to grant a mistrial because of the prosecutor's comment in summation that the defense was a "smoke screen."

5. The trial court committed plain error in allowing evidence to be admitted which referred to the commission of other crimes by the defendant, and also committed plain error in its comments with reference to such evidence.

6. The trial court erred in its charge to the jury (a) that breaking need not be proved (b) as to reasonable doubt (c) in its failure to charge that the appellant had to be present at the scene by pre-arrangement.

7. The trial court committed error in denying defendant's motion for a new trial on the ground that the jury verdict was inconsistent.

8. The trial court committed error in denying defendant's motion for a new trial on the grounds that the verdict was against the weight of the evidence and the result of mistake.

9. The trial court violated defendant's constitutional rights by coercing defendant to go to trial with counsel not selected by him.

We have reviewed the entire record in the light of defendant's contentions and find no merit or substance in any of the claims of error or prejudice. Defendant received a fair trial and the State's proofs amply support the jury verdict.

We see no merit in defendant's contention that he was not permitted to be represented by counsel of his own choice. The indictment was one of the oldest in the County.

Defendant had been aware for several weeks that his retained counsel had been appointed to the bench and would be unable to represent him at trial. Understandably, the trial court insisted that the case must proceed. Defendant, after consultation with his former counsel's associate, announced that he was ready to stand trial. The record shows defendant was given competent and skillful representation.

Affirmed.